RUTAN & TUCKER, LLP
Michael D. Adams (State Bar No. 185835)
madams@rutan.com
Seth M. Jessee (State Bar No. 310983)
sjessee@rutan.com
Sarah Gilmartin (State Bar No. 324665)
sgilmartin@rutan.com
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendant
CORELOGIC SOLUTIONS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPETENT SOFTWARE PVT. LTD, a privately held company in New Delhi, India,<br><br>Plaintiff,<br><br>vs.<br><br>CORELOGIC SOLUTIONS, LLC, a California limited liability company; DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | Case No. 8:19-cv-02161<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 9 U.S.C. § 201 *ET SEQ.*** |

TO THE COURT AND ALL PARTIES:

**PLEASE TAKE NOTICE** that Defendant CoreLogic Solutions, LLC ("Defendant" or "CoreLogic") hereby removes to the United States District Court for the Central District of California the action that Plaintiff Competent Software Pvt. Ltd. ("Plaintiff" or "Competent") filed in the Superior Court for the State of California, County of Orange, Case No. 30-2019-01098508-CU-B-CJC.  In support of its Notice of Removal, Defendant states as follows:

## THE REMOVED CASE

1. On September 17, 2019, Plaintiff filed a complaint ("Complaint") in the Superior Court of the State of California for the County of Orange against Defendant.  A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2. Plaintiff's Complaint alleges that Defendant breached its payment obligations under the Master Services Agreement ("MSA") between Plaintiff and Defendant pursuant to which Plaintiff provided services to Defendant in exchange for payment.  Plaintiff seeks to recover $878,952.70, which it alleges is the reasonable value of services rendered, and costs incurred in connection with enforcement of the MSA.  *See* Ex. 1.

3. On September 26, 2019, Plaintiff filed a Notice of Motion and Motion to File Record Under Seal; Memorandum of Points and Authorities in Support Thereof, Declaration of Sanjay Garg.  *See* Ex. 10.  In Plaintiff's Motion to File Record Under Seal, Plaintiff states that the MSA is "the centerpiece of Plaintiff's Complaint."  *See Id.* at p. 4:10-11.

## BASIS FOR REMOVAL: FEDERAL QUESTION

4. This court has original jurisdiction over the claims against Defendant because those claims are subject to a written international arbitration agreement that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and, as such, are deemed to arise under the laws and treaties of the United States.  9 U.S.C. § 203; 28 U.S.C. §1331.

5. The Convention is a multilateral treaty adopted at the United Nations Conference on International Commercial Arbitration on June 10, 1958.  21 U.S.T. 2517.  The Convention is enforced in United States courts under Chapter 2 of the Federal Arbitration Act (the "FAA"), which incorporates the provisions of the Convention.  9 U.S.C. § 201, *et seq.*  The FAA allows for removal "of an action or proceeding pending in a State court" where "the subject matter . . . relates to an arbitration agreement or award falling under the Convention . . . ."  9 U.S.C. § 205.

6. An arbitration agreement falls under the Convention if: (1) there is an agreement to arbitrate in writing; (2) the agreement provides for arbitration in the territory of a signatory to the Convention; (3) the legal relationship between the parties is commercial in nature; and (4) any party to the arbitration is not an American citizen (or, if all parties are American, if the relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states).  *See Balen v. Holland America Line Inc.*, 583 F.3d 647, 654-55 (9th Cir. 2009); 9 U.S.C. § 202 (defining agreements falling under the Convention).  Each of these requirements is met here.

7. The arbitration provision contained in the MSA is in writing and provides that in the event that a dispute should arise from or in connection with the MSA then the dispute shall be submitted to and determined by arbitration.

8. The arbitration provision in the MSA requires that arbitration be held in Orange County, California, USA.  *Id.* at ¶ 23.2.  The United States is a signatory to the Convention.

9. The relationship between Plaintiff and Defendant is commercial because, as alleged in the Complaint, "Plaintiff would perform certain data entry and software related services and Defendants and each of them would pay for said services."  Ex. 1 at p. 2:26-28.

10. Plaintiff is a privately-held company residing in New Delhi, India, and is thus a foreign entity.  Defendant is a California limited liability company, and is

thus a United States entity.

11. An arbitration agreement relates to an action "whenever an arbitration agreement . . . could *conceivably* affect the outcome of the plaintiff's case." *Infuturia Global Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1138 (9th Cir. 2011) (emphasis in original) (agreeing with and quoting *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) ("[Federal courts] will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense.  As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case.  That is all that is required to meet the low bar of 'relates to'.").

12. The subject matter in Plaintiff's alleged causes of action for breach of contract relate to the MSA.  Plaintiff refers to the MSA as "the centerpiece of Plaintiff's Complaint."  Ex. 10 at p. 4:10-11.  The MSA contains an arbitration provision requiring Plaintiff to submit to arbitration all disputes that arise from or are in connection with the MSA.  Although the Complaint does not mention the arbitration provision, the arbitration provision in the MSA is the contractually agreed-upon dispute resolution mechanism for resolving this dispute.  Accordingly, the arbitration provision in the MSA relates to Plaintiff's action. *See Quiksilver Greater China Ltd. v. Quiksilver Glorious Sun Licensing Ltd.*, No. SA CV-1201379-CJC (ANx), 2012 WL 12878644, at *6 (C.D. Cal. Nov. 2, 2012) (finding an arbitration agreement related to an action where the complaint freely referenced an agreement that contained an arbitration clause); 9 U.S.C. § 205 ("[T]he ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.").

13. Removal to this Court is proper under 9 U.S.C. § 205 because the state court in which the Complaint was filed is located within the Central District of California, Southern Division.

The Court has supplemental jurisdiction over any claims not subject to its original jurisdiction. 28 U.S.C. § 1367(a).

## **NON-WAIVER OF DEFENSES**

15. By this Notice of Removal, Defendant does not intend any admission of fact, law, or liability, and reserves all defenses, motions, and pleas, including but not limited to the right to seek enforcement of the dispute resolution clause in the MSA.

## **REMOVAL IS TIMELY**

16. Removal to this Court is timely pursuant to 9 U.S.C. § 205, which provides that "defendants may, at any time before the trial thereof remove [an action falling under the Convention] to [federal] district court." *See also Infuturia Global Ltd.*, 631 F.3d at 1139 ("The meaning of this section is clear: a defendant may remove a qualifying state court action to federal court at any time before the claims raised in the state court action have been adjudicated."). Plaintiff filed its Complaint on September 17, 2019, and this notice of removal is submitted before trial.

## **REMOVAL PROCEDURE**

17. Pursuant to 28 U.S.C. § 1446(a), Defendant is filing with this Notice of Removal a copy of the process, pleadings, and orders served or attempted to be served upon them in the state court action. A true and correct copy of all process pleading, and orders served on Defendant in state court are attached as Exhibits 1 through 12 as follows:

- *Exhibit 1* – Complaint, filed by Plaintiff on September 17, 2019
- *Exhibit 2* – Civil Case Cover Sheet, filed by Plaintiff on September17, 2019
- *Exhibit 3* – Summons, filed by Plaintiff on September 17, 2019
- *Exhibit 4* – Notice of Case Assignment, issued by the state court on September 17, 2019
- *Exhibit 5* – Notice of Application and Hearing for Right to Attach

Order and Writ of Attachment, filed by Plaintiff on September 24, 2019

- *Exhibit 6* – Memorandum of Points and Authorities in Support of Right to Attach Order, filed by Plaintiff on September 24, 2019
- *Exhibit 7* – Right to Attach Order and Order for Issuance of Writ of Attachment After Hearing, filed by Plaintiff of September 24, 2019.
- *Exhibit 8* - Application for Right to Attach Order and Order for Issuance of Writ of Attachment After Hearing, filed by Plaintiff on September 24, 2019
- *Exhibit 9* – Plaintiff's Notice of Motion And Motion to File Record Under Seal; Memorandum of Points And Authorities in Support Thereof; Declaration of Sanjay Garg, filed by Plaintiff on September 27, 2019.
- *Exhibit 10* – Proposed Order on Plaintiff's Motion to File Record Under Seal, filed by Plaintiff on September 27, 2019.
- *Exhibit 11* – Proof of Service of Summons, filed by Plaintiff on October 11, 2019
- *Exhibit 12* – Notice of Case Management Conference, issued by state court on October 15, 2019

18.   Promptly after filing this Notice of Removal with the District Court in the Central District of California, Defendant will file a copy of this Notice of Removal with the Clerk of the Orange County Superior Court as required by 28 U.S.C. section 1446(d).  *See also* 9 U.S.C. § 205 ("The procedure for removal of causes otherwise provided by law shall apply . . . .").

WHEREFORE, Defendant prays that the above-entitled action now pending in the Superior Court of the State of California for the County of Orange, Case No. 30-2019-01098508-CU-B-CJC, be removed to the United States District Court for the Central District of California.

Dated: November 8, 2019              RUTAN & TUCKER, LLP

              By:  */s/ Michael D. Adams*
                 Michael D. Adams
                 Attorneys for Defendant
                 CORELOGIC SOLUTIONS, LLC