**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 19-2161-DOC-KES | Date: January 13, 2020 |

Title: COMPETENT SOFTWARE PVT. LTD. v. CORELOGIC SOLUTIONS, LLC

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Rolls Royce Paschal | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER DENYING PLAINTIFF'S MOTION TO REMAND [10]**

Before the Court is Plaintiff Competent Software Pvt. Ltd.'s ("Plaintiff") Motion to Remand ("Motion") (Dkt. 10). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers submitted by the parties, the Court DENIES Plaintiff's Motion to Remand.

**I.    Background**

**A.    Facts**

The following facts are drawn from Plaintiff's Complaint (Dkt. 1-1) and Defendant's Notice of Removal ("Notice") (Dkt. 1). Plaintiff is a company based in New Delhi, India, and provides data entry, software, and related services for customers in the real estate industry. Compl. ¶ 1. In October 2008, Plaintiff and First American Real Estate Information Services, Inc. ("First") entered into a written Master Services Agreement ("MSA"), which in part provided that Plaintiff would perform data entry and software services for First. *Id.* ¶ 5. In or about the year 2010, Defendant CoreLogic Solutions, LLC ("Defendant") succeeded to First's interests under the MSA. *Id.* Plaintiff

claims that Defendant breached the MSA by failing to pay for services under the MSA, and now owes approximately $878,952.70.

The MSA contains an arbitration provision that provides that disputes arising from or in connection with the MSA "shall be submitted to and determined by arbitration." Notice ¶ 7. This arbitration clause is within the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). *Id.* ¶¶ 4-10.

### B. Procedural History

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on September 17, 2019 (Dkt. 1-1). Plaintiff brings the following causes of action:

(1) breach of contract;

(2) work, labor, and services rendered; and

(3) reasonable value of work, labor, and services.

*See generally* Compl. Defendant removed the action to this Court on November 8, 2019. *See generally* Notice. Plaintiff filed the instant Motion to Remand and a supporting Memorandum (Dkt. 10-1) on December 3, 2019. On December 16, 2019, Defendant filed a brief in Opposition (Dkt. 14), and Plaintiff submitted its Reply (Dkt. 15) on December 23, 2019.

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted). A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

Under 9 U.S.C. § 205, federal district courts have removal jurisdiction when the action "relates to an arbitration agreement or award falling under the Convention." *Id.* The Ninth Circuit has interpreted this language "to convey sweeping removal jurisdiction," finding such relation "whenever an arbitration agreement under the Convention could *conceivably* affect the outcome of the plaintiff's case." *Infuturia Global Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1138 (9th Cir. 2011) (quoting *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002)); *see also Beiser*, 284 F.3d at 669 ("[T]he district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense."). When removal is pursuant to § 205, "the ground for removal . . . need not appear on the face of the complaint but may be shown in the petition for removal." 9 U.S.C. § 205.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101-02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c).

## III.   Discussion

At the outset, the Court observes that it has subject matter jurisdiction over this removal. Defendant's Notice demonstrates that the arbitration clause of the MSA is within the scope of the Convention. Given the "sweeping removal jurisdiction" conferred by 9 U.S.C. § 205, the Court finds that arbitration agreement could "*conceivably* affect" the outcome of this action, and therefore that jurisdiction obtains.

Plaintiff argues that this removal was improper because the forum selection clause of the MSA precludes removal. But Plaintiff's interpretation of the forum selection clause, as will be shown momentarily, is without merit.

Under Ninth Circuit precedent, "[f]orum selection clauses are *prima facie* valid," and federal law governs their interpretation. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513-14 (9th Cir. 1988). It therefore falls to the Court to interpret the forum selection clauses in the MSA and determine whether the MSA prevents Defendant from removing the action.

The forum selection provisions of the MSA read, in relevant part, as follows: "Each Party hereby submits to the non-exclusive jurisdiction of any court (state or federal) sitting in Orange County, California and waives any objection based upon lack of personal jurisdiction, improper venue or *forum non conveniens* with respect to actions brought in such courts." Mem. at 3.

This language lends no support to Plaintiff's contention that the MSA precludes removal once Plaintiff "has elected one of the two permissible jurisdictions," i.e., state court, "to which [Defendant] had already consented." Mem. at 4. While the forum selection clause explicitly waives objections on the basis of personal jurisdiction, venue, and *forum non conveniens*, it makes absolutely no mention of removal, and the Court will not read in a waiver of the right to removal when zero textual basis for such a waiver exists. The MSA also explicitly provides that the parties "submit[] to the *non-exclusive* jurisdiction" of "state *or* federal" court (emphasis added); the inescapable conclusion is that the MSA contemplates either option as a permissible forum.

Nor does the reference to "Orange County, California" necessitate the inference that the Orange County Superior Court has exclusive jurisdiction over the action once selected by Plaintiff. The Ninth Circuit has distinguished between forum selection clauses that refer to the courts "of" a state, county, etc. and those that specify the courts "in" a state, county, etc. *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205-06 (9th Cir. 2011). The former is a *jurisdictional* demarcation; thus, "the courts of Virginia" was held to refer to Virginia state courts. By contrast, "in" establishes a *geographic* limitation, and therefore includes both the state and federal courts in that location. *Id.* at 1205-07. This Court, of course, is within the borders of Orange County, and as such is a permissible forum under the MSA. Simply put, the MSA allows the parties to bring suit in *either* the state or federal court sitting in Orange County, and in no way precludes removal from the former to the latter.

The Court therefore concludes that the forum selection provisions of the MSA allow suit in this Court and do not restrict Defendant's ability to remove the case.

## IV. Disposition

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Remand.

The Clerk shall serve this minute order on the parties.